IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

RONALD LEE BROOKS,

  Plaintiff,

v.              Case No. 2:12-cv-00060

JOHN WALKER and
JOSH KEYSER,

  Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

  On January 12, 2012, the plaintiff, an inmate presently incarcerated at the St. Marys Correctional Center, in St. Marys, West Virginia, filed a Complaint (ECF No. 2) against the defendants, who are employees of Logan General Hospital, in Logan, West Virginia, concerning his medical treatment at Logan General Hospital on June 16, 2011. This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**THE PLAINTIFF'S CLAIMS**

  The plaintiff's Complaint alleges as follows:

On June 16, 2011, I the plaintiff was taken to the Logan General Hospital from the Southwestern Regional Jail cause I the plaintiff was having a heart attack. When the plaintiff arrived at the emergency room of the Logan [G]eneral Hospital a nurse "Josh Keyser" a defendant in this civil action lawsuit was instructed to put an I.V. in the plaintiff's wrist. Josh Keyser put the I.V. in the wrist of the plaintiff and it was put in wrong and it caused severe damage to the plaintiff's (right) arm and now the plaintiff

carries a scar approximately 15 inches on the inner forearm of the right arm. The unknowledge of the proper way of how a I.V. should have been put in the arm caused the plaintiff to have to carry the scar for the rest of his life.

(ECF No. 2 at 4-5.) The plaintiff has named Josh Keyser, the nurse who allegedly placed the I.V. in his arm, and John Walker, the Administrator of Logan General Hospital, as defendants. (*Id.* at 4.) The undersigned notes that the Complaint makes no specific allegations against Mr. Walker. The plaintiff is seeking monetary damages for "malpractice of medical services." (*Id.* at 6.)

## ANALYSIS

The plaintiff's Complaint alleges claims of medical malpractice against two employees of Logan General Hospital. The defendants are not state actors and, therefore, cannot be sued under 42 U.S.C. § 1983, and the matter at hand does not involve a question of federal law. Thus, the plaintiff's claims against the defendants are a matter of state law, brought between persons who appear to be citizens of the same state. Accordingly, this federal court lacks jurisdiction over the plaintiff's claims. *See* 28 U.S.C. §§ 1331, 1332.

Any medical malpractice or negligence claims against these defendants must be brought in a state court. Furthermore, the plaintiff is hereby **NOTIFIED** that before filing a medical malpractice action against any health care provider, he must comply with the requirements of West Virginia Code § 55-7B-6, part of the Medical Professional Liability Act ("MPLA"), which provides, in pertinent part, as follows:

> (a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified

> mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. . . .

W. Va. Code § 55-7B-6. The MPLA defines "medical professional liability" as "any liability for damages resulting from the death or injury of a person for any tort or breach of contract based on health care services rendered, or which should have been rendered, by a health care provider or health care facility to a patient." W. Va. Code § 55-7B-2(i). The plaintiff is further **NOTIFIED** that there is a two-year statute of limitations that is generally applicable to medical malpractice claims. *See* West Virginia Code § 55-7B-4.

Accordingly, the court proposes that the presiding District Judge **FIND** that this federal court lacks subject matter jurisdiction over the plaintiff's medical malpractice claims. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint (ECF No. 2), without prejudice, for lack of subject matter jurisdiction, and **DENY** Plaintiff's Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States

Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

February 2, 2012

Mary E. Stanley
United States Magistrate Judge

4